NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-713

COMMONWEALTH

vs.

EDWARD JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of three counts of firearm charges and two counts of assault and battery on a police officer. On appeal he claims that the judge erred in allowing the Commonwealth to introduce documents under the business records exception to the hearsay rule without a live witness. The Commonwealth acknowledges error and concedes that the improperly admitted evidence was necessary for the firearm convictions. The defendant also asserts that the judge erred in refusing to dismiss a juror for cause and that his consequent use of a peremptory challenge was prejudicial. We agree with the defendant as to both arguments and thus we vacate the judgments and set aside the verdicts.

Hearsay.  In October 2018, Springfield police officers recovered a firearm from a Hertz rental car.  At the defendant's trial, the Commonwealth moved to introduce Hertz records to establish that the car in which the officers recovered the firearm was rented by the defendant.  To introduce the records pursuant to G. L. c. 233, § 79J, the Commonwealth produced no live witness, instead relying on an affidavit from a keeper of records averring to the elements of the business records exception.  The judge admitted the Hertz records over the defendant's objection.

This issue, in all material aspects, is controlled by Commonwealth v. Lehan, 100 Mass. App. Ct. 246, 255 (2021), where we held that laying a foundation for admitting records pursuant to G. L. c. 279, § 78, must ordinarily be done "through a knowledgeable keeper of the records of the business that made the record."  In Lehan, we held that an affidavit submitted to the court "for such purposes is classic hearsay; it is an out-of-court statement being offered for its truth."  Id. at 257.

Here, the Commonwealth concedes having made the same error as in Lehan.  The Commonwealth admits that without the Hertz records there was insufficient evidence to tie the defendant to the rental car in which the firearm was located.  We accept this

2

concession, and, having independently examined the error, we vacate the judgments as to the firearm convictions.

Jury empanelment. During juror voir dire, defense counsel asked juror 16, "Do you believe that African Americans are more likely to commit crimes than white people per capita?" The juror responded, "No. It depends on where you live." Defense counsel sought removal for cause based on that response, raising a concern of racial bias. The prosecutor added that she "didn't fully understand what [the juror] meant" and suggested further inquiry. The trial judge denied further inquiry and found the juror to be indifferent, whereupon the defendant exercised a peremptory challenge.

The defendant claims that the trial judge erred in not excusing the juror for cause and that, as his responsive use of a peremptory challenge left him without such a challenge for a subsequent juror, the error requires that the judgments be vacated. We agree.

"A trial judge is accorded considerable discretion in the jury selection process[,] and his finding that a juror stands indifferent will not be disturbed except where juror prejudice is manifest." Commonwealth v. Clark, 446 Mass. 620, 629-30 (2006), citing Commonwealth v. Vann Long, 419 Mass. 798, 803 (1995). On review, the determination we must make is whether,

3

during empanelment, "the trial judge had reason to believe" that the juror "might harbor biases" requiring removal. Commonwealth v. Espinal, 482 Mass. 190, 199 (2019). When (1) "a defendant uses a peremptory challenge to excuse a juror that the judge refused to excuse for cause," and (2) "the defendant is later 'forced to accept a juror whom he otherwise would have challenged peremptorily' but for want of a peremptory challenge," the refusal to excuse the former juror for cause is preserved for review. Clark, 446 Mass. at 629, quoting Commonwealth v. Susi, 394 Mass. 784, 789 (1985). In these circumstances, if the refusal was error, "the defendant is entitled to a new trial without a showing of prejudice." Clark, supra.

On this record, the judge did not have sufficient basis to find the juror indifferent, as the juror's response "might have been an expression of racial stereotyping that could have affected the outcome of the case." See Clark, 446 Mass. at 630. Although the judge did not consider the response ambiguous, the plain language of the response and the fact that both parties considered it to be either ambiguous or indicative of bias created a "reason to suspect that [the juror was] not or may not be indifferent" (citation omitted). Commonwealth v. Auguste, 414 Mass. 51, 57 (1992). Without the clarity unveiled by

4

further inquiry, the record before us does not substantiate a finding of impartiality, and so it was error not to excuse the juror for cause. See Clark, 446 Mass. at 630.[1]

Judgments vacated.

Verdicts set aside.

By the Court (Rubin,
  D'Angelo & Toone, JJ.[2]),

*Paul Little*

Clerk

Entered:  September 30, 2025.

---

[1] While we need not and do not reach the defendant's claims of error arising from the judge's abstention from inquiring of a potentially sleeping juror and from remarks made in the prosecutor's closing argument, we recognize the potential for recurrence on remand. We remind trial judges that, when faced with the possibility that a juror has fallen asleep during trial, it is best practice to inquire of the juror to determine the extent of the proceedings that have been missed and the juror's capacity to render a verdict based on the evidence presented. Furthermore, we remind the parties that statements made during closing arguments should be based upon the evidence presented and not encroach into opinions on the role of respective counsels.

[2] The panelists are listed in order of seniority.